UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH MADDOX-EL,

    Plaintiff,                          Civil Action No. 2:12-CV-10526

v.                                        HONORABLE SEAN F. COX
                                          UNITED STATES DISTRICT COURT

DAVID SALAZAR, et. al.,

    Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

Before the Court is Plaintiff Keith Maddox-El's *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983. Plaintiff is a state prisoner currently confined at the Carson City Correctional Facility in Carson City, Michigan. For the reasons stated below, the complaint is **DISMISSED WITHOUT PREJUDICE.**

### II. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*,

490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III.  Complaint

Plaintiff claims that he was subject to a conspiracy between the defendants - all police officers and prosecutors - who because of racial or class-based animus fabricated a case against him to secure a false narcotics conviction. The complaint seeks compensatory and punitive damages for the resultant physical and emotional injuries and false-imprisonment he has suffered as a result of the conspiracy. The complaint does not seek to overturn plaintiff's state court conviction.

### IV.  Discussion

Plaintiff's complaint is subject to dismissal because his conviction has not been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477,

486-487 (1994). A § 1983 suit in which a plaintiff seeks damages in connection with proceedings leading to his allegedly wrongful state court conviction is not cognizable where the plaintiff's conviction has never been reversed or otherwise invalidated. *See Patrick v. Laskaris*, 25 F. Supp. 2d 432, 433 (S.D.N.Y. 1998).

Because plaintiff does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his criminal prosecution, conviction, and incarceration against the defendants fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris,* 90 Fed. Appx. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *See Murphy,* 343 F. Supp. 2d at 609. Therefore, because this Court is dismissing plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice. *Diehl v. Nelson*, 198 F. 3d 244, 1999 WL 1045076 (6th Cir. November 12, 1999)(citing to *Fottler v. United States*, 73 F. 3d 1064, 1065 (10th Cir. 1996)).

## V. ORDER

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE.**


Dated: March 5, 2012						S/ Sean F. Cox
								Sean F. Cox
								U. S. District Court Judge


I hereby certify that on March 5, 2012, the foregoing document was served upon counsel of record by electronic means and upon Keith Maddox by First Class Mail at the address below:

Keith Maddox
166273
Carson City Correctional Facility
10522 Boyer Road
Carson City, MI 48811


Dated: March 5, 2012						S/ J. Hernandez
								Case Manager